SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into among the United States of America, acting through the United States Department of Justice and on behalf of the Small Business Administration (collectively the "United States"), Kingwood Orlando Reunion Resort, LLC ("Orlando Reunion"), Kingwood Crystal River Resort Corp. ("Crystal River"), and Maria Falzarano (the "Relator") (all hereafter collectively referred to as "the Parties"), through their authorized representatives.

RECITALS

A. Kingwood Orlando Reunion Resort, LLC, is a Florida Profit Corporation that operates a resort in Kissimmee, Florida. Kingwood Crystal River Resort Corp. is a Florida Profit Corporation that operates a resort in Crystal River, Florida.

B. On June 5, 2020, Maria Falzarano filed a *qui tam* action in the United States District Court for the Middle District of Florida captioned *United States ex rel. Falzarano v. Kingwood National Resort, LLC, et al.,* Case No. 6:20-cv-976-ORL-37EJK, pursuant to the *qui tam* provisions of the False Claims Act, 31 U.S.C. § 3730(b) (the Civil Action). Relator alleges that the defendants conspired to fraudulently obtain loan funds under the Paycheck Protection Program (PPP) authorized under the Coronavirus Aid, Relief, and Economic Security Act and guaranteed by the Small Business Administration (SBA). According to the Relator, the defendants applied for and obtained PPP loan funds ostensibly to be used for SBA-approved payroll and business expenses, but instead pocketed the funds. Orlando Reunion is named as a defendant in the Civil Action. Although not named as a defendant in the Civil Action, Crystal River is related to the named corporate defendants.

1

  C. The PPP was established pursuant to the Coronavirus Aid, Relief, and Economic Security ("CARES") Act. The CARES Act, which was enacted in March 2020, was designed to provide emergency financial assistance to millions of Americans suffering economic effects caused by the COVID-19 pandemic. Section 1102(a)(2) of the CARES Act amended Section 7(a) of the Small Business Act, 15 U.S.C. §§ 631-657u, and authorized forgivable loans to eligible small businesses for employee payroll and certain other expenses, through the PPP. To obtain a PPP loan, a qualifying business was required submit a PPP loan application, which is signed by an authorized representative of the business. The loan application requires the business—through its authorized representative—to acknowledge the program rules and make certain affirmative certifications regarding its eligibility to obtain the PPP loan. A PPP loan application must be processed by a participating lender, which receives a processing fee from SBA. If a loan application is approved, the participating lender funds the loan, which is guaranteed by the SBA up to the full amount of the loan.

  D. The United States contends that it has certain civil claims against Orlando Reunion and Crystal River arising from Crystal River's PPP loan application and request for loan forgiveness. Specifically, Crystal River sought and received PPP loans funds, and applied for loan forgiveness, based upon the certification that Crystal River planned to use the funds to provide payroll for 22 employees who had supposedly earned $4,224.00 each in the second quarter of 2020, and one employee who was paid $5,760.00 in the second quarter of 2020. In reality, these 23 employees were not employed or paid by Crystal River, but were in fact employed by Orlando Reunion. This occurred during the period from March 1, 2020, through February 23, 2021. That conduct is referred to below as the Covered Conduct.

  E. The United States contends that it has certain civil claims against Orlando Reunion and Crystal River for violation the False Claims Act, 31 U.S.C. § 3729-3733 ("FCA"), and under the Financial Institutions Reform, Recovery and Enforcement Act of 1989, 12 U.S.C. § 1833a ("FIRREA"), predicated on violations of 18 U.S.C. § 1014, 15 U.S.C. § 645(a), 18 U.S.C. § 1001, 18 U.S.C. § 1343, and 18 U.S.C. § 1344.

  F. Relator claims entitlement under 31 U.S.C. § 3730(d) to a share of the proceeds of this Settlement Agreement and to Relator's reasonable expenses, attorneys' fees and costs.

  To avoid the delay, uncertainty, inconvenience, and expense of protracted litigation of the above claims, and in consideration of the mutual promises and obligations of this Settlement Agreement, the Parties agree and covenant as follows:

<u>TERMS AND CONDITIONS</u>

  1. Orlando Reunion and Crystal River shall pay to the United States three hundred twenty-five thousand dollars ($<u>325,000.00</u>) ("Settlement Amount"), and interest on the Settlement Amount at a rate of 4.00% per annum from March 13, 2023, of which $98,688.00 is restitution, by electronic funds transfer pursuant to written instructions to be provided by the Civil Division of the United States Department of Justice no later than 45 days after the Effective Date of this Agreement.

  2. In the event that Orlando Reunion and Crystal River fail to complete the payment set forth in Paragraph 1 by the date upon which it is due, Orlando Reunion and Crystal River shall be in Default of their payment obligations ("Default"). Upon Default, the United States will provide Orlando Reunion and Crystal River, through their legal counsel or other representative previously designated by Orlando Reunion and Crystal River, by electronic mail a written Notice of Default, and Orlando Reunion and Crystal River shall have an opportunity to

cure such Default within seven calendar days from the date the date of receipt of the Notice of Default by making the payment due under the payment schedule and paying any additional interest accruing under the Settlement Agreement up to the date of payment.  If Orlando Reunion and Crystal River fail to cure the Default within seven calendar days of receiving the Notice of Default ("Uncured Default"), the unpaid balance of the payment set forth in Paragraph 1 shall become immediately due and payable, and interest on such amount shall accrue at the rate of 12 percent per annum, compounded daily from the date of Default.

       3.      Upon execution of this Settlement Agreement, Orlando Reunion and Crystal River shall execute a Consent Judgment in the form as set forth in Attachment A.  The United States shall not file the Consent Judgment unless Orlando Reunion and Crystal River are in Uncured Default as defined above.  In the event of Uncured Default, Orlando Reunion and Crystal River agree that the United States, at is sole discretion may:  (i) retain any payments previously made, rescind this Agreement and pursue the Civil Action or bring any civil and/or administrative claim, action, or proceeding against Orlando Reunion and Crystal River for the claims that would otherwise be covered by the releases provided in Paragraph 6 below, with any recovery reduced by the amount of any payments previously made by Orlando Reunion and/or Crystal River to the United States under this Agreement; (ii) take any action to enforce this Agreement in a new action or by reinstating the Civil Action, including the filing of the Consent Judgment; (iii) offset the remaining unpaid balance from any amounts due and owing to Orlando Reunion and/or Crystal River by any department, agency, or agent of the United States at the time of Default or subsequently; and/or (iv) exercise any other right granted by law, or under the terms of this Agreement, or recognizable at common law or in equity.   The United States shall be entitled to any other rights granted by law or in equity by reason of Default, including referral

of this matter for private collection. In the event the United States pursues a collection action, Orlando Reunion and Crystal River agree immediately to pay the United States the greater of (i) a ten-percent (10%) surcharge of the amount collected, as allowed by 28 U.S.C. § 3011(a), or (ii) the United States' reasonable attorneys' fees and expenses incurred in such an action. In the event the United States opts to rescind this Agreement pursuant to this Paragraph, Orlando Reunion and Crystal River waive and agree not to plead, argue, or otherwise raise any defenses of statute of limitations, laches, estoppel or similar theories, to any civil or administrative claims that are (a) filed by the United States against Orlando Reunion and/or Crystal River, within 120 days of written notification to Crystal River that this Agreement has been rescinded, and (b) relate to the Covered Conduct, except to the extent these defenses were available on the particular date when the Civil Action referenced in Recital Paragraph B was filed. Orlando Reunion and Crystal River agree not to contest any Consent Judgment, offset, recoupment, and/or collection action undertaken by the United States pursuant to this Paragraph, either administratively or in any state or federal court, except on the grounds of actual payment to the United States.

4. Conditioned upon the United States receiving the Settlement Amount and as soon as feasible after receipt, the United States shall pay $46,192.40 to Relator by electronic funds transfer (Relator's Share).

5. As of the Effective Date of this Agreement, Defendants and Relator's counsel are unable to agree on reasonable attorneys' fees and costs under 31 U.S.C. § 3730(d). Accordingly, such attorneys' fees and costs will be addressed separately.

6. Subject to the exceptions in Paragraph 8 (concerning reserved claims) below and subject to Paragraphs 2 and 3 (concerning Default), and upon the United States' receipt of the Settlement Amount, plus interest due under Paragraph 1, the United States releases Orlando Reunion and Crystal River from any civil or administrative monetary claim the United States has for the Covered Conduct under the False Claims Act, 31 U.S.C. §§ 3729-3733; the Program Fraud Civil Remedies Act, 31 U.S.C. §§ 3801-3812; FIRREA, 12 U.S.C. § 1833a; or the common law theories of breach of contract, payment by mistake, unjust enrichment, and fraud.

7. Subject to the exceptions in Paragraph 8 below, and upon the United States' receipt of the Settlement Amount, plus interest due under Paragraph 1, Relator, for herself and for her heirs, successors, attorneys, agents, and assigns, releases Orlando Reunion and Crystal River from any civil monetary claim the Relator has on behalf of the United States for the Covered Conduct under the False Claims Act, 31 U.S.C. §§ 3729-3733.

8. Notwithstanding the releases given in Paragraph 6 of this Agreement, or any other term of this Agreement, the following claims and rights of the United States are specifically reserved and are not released:

    a. Any liability arising under Title 26, U.S. Code (Internal Revenue Code);

    b. Any criminal liability;

    c. Except as explicitly stated in the Agreement, any administrative liability or enforcement right, or any administrative remedy, including the suspension and debarment rights of any federal agency;

    d. Any liability to the United States (or its agencies) for any conduct other than the Covered Conduct;

    e. Any liability based upon obligations created by this Agreement;

   f.  Any liability of individuals;

   g.  Any liability for express or implied warranty claims or other claims for defective or deficient products or services, including quality of goods and services;

   h.  Any liability for failure to deliver goods or services due;

   i.  Any liability for personal injury or property damage or for other consequential damages arising from the Covered Conduct.

  9. Relator and her heirs, successors, attorneys, agents, and assigns shall not object to this Agreement but agree and confirm that this Agreement is fair, adequate, and reasonable under all the circumstances, pursuant to 31 U.S.C. § 3730(c)(2)(B).  Conditioned upon Relator's receipt of the Relator's Share, Relator and her heirs, successors, attorneys, agents, and assigns fully and finally release, waive, and forever discharge the United States, its agencies, officers, agents, employees, and servants, from any claims arising from the filing of the Civil Action or under 31 U.S.C. § 3730, and from any claims to a share of the proceeds of this Agreement and/or the Civil Action.

  10. Relator, for herself, and for her heirs, successors, attorneys, agents, and assigns, releases Orlando Reunion and Crystal River, and their officers, agents, and employees, from any liability to Relator arising from the filing of the Civil Action, except for claims that the Relator has under 31 U.S.C. § 3730(d) for expenses or attorneys' fees and costs, which will be addressed by separate agreement.

  11. Orlando Reunion and Crystal River waive and shall not assert any defenses Orlando Reunion and Crystal River may have to any criminal prosecution or administrative action relating to the Covered Conduct that may be based in whole or in part on a contention

7

that, under the Double Jeopardy Clause in the Fifth Amendment of the Constitution, or under the Excessive Fines Clause in the Eighth Amendment of the Constitution, this Agreement bars a remedy sought in such criminal prosecution or administrative action.

12. Orlando Reunion and Crystal River fully and finally release the United States, its agencies, officers, agents, employees, and servants, from any claims (including attorneys' fees, costs, and expenses of every kind and however denominated) that Orlando Reunion and Crystal River have asserted, could have asserted, or may assert in the future against the United States, its agencies, officers, agents, employees, and servants, related to the Covered Conduct or the United States' investigation or prosecution thereof.

13. Orlando Reunion and Crystal River fully and finally release the Relator from any claims (including attorneys' fees, costs, and expenses of every kind and however denominated) that Orlando Reunion and Crystal River have asserted, could have asserted, or may assert in the future against the Relator, related to the Civil Action and the Relator's investigation and prosecution thereof.

14. a. Unallowable Costs Defined: All costs (as defined in the Federal Acquisition Regulation, 48 C.F.R. § 31.205-47) incurred by or on behalf of Orlando Reunion and/or Crystal River, and their present or former officers, directors, employees, shareholders, and agents in connection with:

    (1) the matters covered by this Agreement;

    (2) the United States' audit(s) and civil investigation(s) of the matters covered by this Agreement;

    (3) Orlando Reunion's and/or Crystal River's investigation, defense, and corrective actions undertaken in response to the United States'

        audit(s) and civil investigation(s) in connection with the matters covered by this Agreement (including attorneys' fees);

(4)  the negotiation and performance of this Agreement;

(5)  the payment Orlando Reunion and/or Crystal River make to the United States pursuant to this Agreement and any payments that Orlando Reunion and/or Crystal River may make to Relator, including costs and attorney's fees,

are unallowable costs for government contracting purposes (hereinafter referred to as Unallowable Costs).

  b.  Future Treatment of Unallowable Costs: Unallowable Costs will be separately determined and accounted for by Orlando Reunion and Crystal River, and Orlando Reunion and Crystal River shall not charge such Unallowable Costs directly or indirectly to any contract with the United States.

  c.  Treatment of Unallowable Costs Previously Submitted for Payment: Within 90 days of the Effective Date of this Agreement, Orlando Reunion and Crystal River shall identify and repay by adjustment to future claims for payment or otherwise any Unallowable Costs included in payments previously sought by Orlando Reunion and/or Crystal River or any of their subsidiaries or affiliates from the United States. Orlando Reunion and Crystal River agree that the United States, at a minimum, shall be entitled to recoup from Orlando Reunion and/or Crystal River any overpayment plus applicable interest and penalties as a result of the inclusion of such Unallowable Costs on previously-submitted requests for payment. The United States, including the Department of Justice and/or the affected agencies, reserves its rights to audit, examine, or re-examine Orlando Reunion and Crystal River's books

and records and to disagree with any calculations submitted by Orlando Reunion and/or Crystal River or any of their subsidiaries or affiliates regarding any Unallowable Costs included in payments previously sought by Orlando Reunion and/or Crystal River, or the effect of any such Unallowable Costs on the amount of such payments.

15. Orlando Reunion and Crystal River agree to cooperate fully and truthfully with the United States' investigation of individuals and entities not released in this Agreement. Upon reasonable notice, Orlando Reunion and Crystal River shall encourage, and agree not to impair, the cooperation of their directors, officers, and employees, and shall use their best efforts to make available, and encourage, the cooperation of former directors, officers, and employees for interviews and testimony, consistent with the rights and privileges of such individuals. Orlando Reunion and Crystal River further agree to furnish to the United States, upon request, complete and unredacted copies of all non-privileged documents, reports, memoranda of interviews, and records in their possession, custody, or control concerning any investigation of the Covered Conduct that they have undertaken, or that has been performed by another on their behalf.

16. This Agreement is intended to be for the benefit of the Parties only.

17. Upon receipt of the payment described in Paragraph 1, above, the United States and Relator shall promptly sign and file in the Civil Action a Joint Stipulation of Dismissal of the Civil Action pursuant to Rule 41(a)(1). Such dismissal shall be: (a) with prejudice to the Relator as to all claims against all named defendants in the Civil Action; (b) with prejudice to the United States as to the Covered Conduct; and (c) without prejudice to the United States as to all other claims or allegations in the Civil Action.

18. Except as provided in Paragraph 5, above, each Party shall bear its own legal and other costs incurred in connection with this matter, including the preparation and performance of this Agreement.

19. Each Party and signatory to this Agreement represents that it freely and voluntarily enters into this Agreement without any degree of duress or compulsion.

20. This Agreement is governed by the laws of the United States. The exclusive jurisdiction and venue for any dispute relating to this Agreement is the United States District Court for the Middle District of Florida. For purposes of construing this Agreement, this Agreement shall be deemed to have been drafted by all Parties to this Agreement and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

21. This Agreement constitutes the complete agreement between the Parties. This Agreement may not be amended except by written consent of the Parties.

22. The undersigned counsel represent and warrant that they are fully authorized to execute this Agreement on behalf of the persons and entities indicated below.

23. This Agreement may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same Agreement.

24. This Agreement is binding on Orlando Reunion's and Crystal River's successors, transferees, heirs, and assigns.

25. This Agreement is binding on Relator's successors, transferees, heirs, and assigns.

26. All parties consent to the United States' disclosure of this Agreement, and information about this Agreement, to the public.

27. This Agreement is effective on the date of signature of the last signatory to the Agreement (Effective Date of this Agreement). Facsimiles of signatures shall constitute acceptable, binding signatures for purposes of this Agreement.

THE UNITED STATES OF AMERICA

DATED: March 20, 2023    BY: _____
                             Jared Wiesner
                             Trial Attorney
                             Commercial Litigation Branch
                             Civil Division
                             United States Department of Justice

DATED: 3/20/23    BY: _____
                      Jeremy R. Bloor
                      Assistant United States Attorney
                      Middle District of Florida

KINGWOOD ORLANDO REUNION RESORT, LLC

DATED: 3/14/23    BY: _____
                      Kingwood Orlando Reunion Resort, LLC

                      _____
                      Printed Name

                      _____
                      Title

DATED: 3/14/23    BY: _____
                      William H. Thomas, Jr.
                      The W.H. Thomas Firm, LLC
                      Randy S. Chartash
                      Chartash Law LLC
                      Counsel for Kingwood Orlando Reunion Resort, LLC

## KINGWOOD CRYSTAL RIVER RESORT CORP.

DATED: 3/14/23 BY: _____
Kingwood Crystal River Resort Corp.

_Farbod Zohoor_
Printed Name

_V. President_
Title

DATED: 3/14/23 BY: _____
William H. Thomas, Jr.
The W.H. Thomas Firm, LLC
Randy S. Chartash
Chartash Law LLC
Counsel for Kingwood Crystal River Resort Corp.

## MARIA FALZARANO - RELATOR

DATED: 3/20/23 BY: _____
Maria ~~Falzarano~~ Sierra

DATED: 3/20/23 BY: _____
Juan Martinez
James Young
Morgan & Morgan
Counsel for Relator

13

# Attachment A

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA
*ex rel.* MARIA FALZARANO,

    Plaintiff-Relator,

v.                                                       Case No. 6:20-cv-976-Orl-37EJK

KINGWOOD INTERNATIONAL
RESORT, LLC; ET AL.,

    Defendants.
_____/

## CONSENT JUDGMENT

Plaintiff United States of America (the "United States"), Kingwood Orlando Reunion Resort, LLC, and Kingwood Crystal River Resort Corp. (collectively referred as the "Parties"), hereby stipulate, agree and consent to the entry of this judgment based upon the following uncontested allegations:

1. This Court has jurisdiction over this case under 28 U.S.C. §§ 1331, 1345, 1367(a). Kingwood Orlando Reunion Resort, LLC, and Kingwood Crystal River Resort Corp. consent to the jurisdiction of the United States District Court for the Middle District of Florida for the resolution of this dispute.

2. On the 13th day of March, 2023, Kingwood Orlando Reunion Resort, LLC, and Kingwood Crystal River Resort Corp., entered into a

Settlement Agreement with Plaintiff United States for the purpose of resolving a dispute (the "Settlement Agreement"). A copy of the Settlement Agreement is attached hereto as Exhibit 1 and incorporated by reference herein.

3. Under the terms of the Settlement Agreement, Kingwood Orlando Reunion Resort, LLC, and Kingwood Crystal River Resort Corp. agreed to pay to the United States the sum of $325,000.00 ("Settlement Amount").

4. Also under the terms of the Settlement Agreement, Kingwood Orlando Reunion Resort, LLC, and Kingwood Crystal River Resort Corp. agreed that in the event they defaulted and failed to pay the Settlement Amount, within three (3) business days of the date the Notice of Default is sent by counsel for the United States, the United States may file a Consent Judgment against Kingwood Orlando Reunion Resort, LLC, and Kingwood Crystal River Resort Corp. in the amount of the unpaid balance of the Settlement Amount.

5. Kingwood Orlando Reunion Resort, LLC, and Kingwood Crystal River Resort Corp. now failed to make payment in accordance with the Settlement Agreement, and therefore are in default under the terms of the Settlement Agreement.

6. Unless it has already done so, within a reasonable time after the filing of this Consent Judgment, the United States will file a statement of debt

16

showing the amount due and owing under the Settlement Agreement as of the date of default.

7. The United States has given Kingwood Orlando Reunion Resort, LLC, and Kingwood Crystal River Resort Corp. written notice of default under the terms of the Settlement Agreement, and demanded that Kingwood Orlando Reunion Resort, LLC, and Kingwood Crystal River Resort Corp. cure that default by tendering payment in full on the cure amount under the terms of the Settlement Agreement. The United States has given Kingwood Orlando Reunion Resort, LLC, and Kingwood Crystal River Resort Corp. three (3) business days to cure the default, as provided in the Settlement Agreement, but Kingwood Orlando Reunion Resort, LLC, and Kingwood Crystal River Resort Corp. failed to respond or to make arrangements to comply with the terms of the Settlement Agreement.

ACCORDINGLY, THIS COURT enters judgment for the United States against Kingwood Orlando Reunion Resort, LLC, and Kingwood Crystal River Resort Corp. in the amount of $_____, plus interest at the post-judgment interest at the rate of 10% per annum, compounded daily from the date this Consent Judgment is entered until it is satisfied. This Court retains jurisdiction over this action.

DONE AND ORDERED in the Middle District of Florida this ___ day of _____, 202_.

_____
UNITED STATES DISTRICT JUDGE

Conformed copies to:

Counsel of Record for the United States, Kingwood Orlando Reunion Resort, LLC, and Kingwood Crystal River Resort Corp.

<u>Consent to File</u>

Pursuant to the Middle District of Florida Administrative Procedures for Electronic Filing, Section H(2)(a), William H. Thomas, Esq., and Randy Chartash, Esq., Counsel for Kingwood Orlando Reunion Resort, LLC, and Kingwood Crystal River Resort Corp. has consented to the undersigned Assistant United States Attorney's electronic filing of this Joint Stipulation and proposed Order.

The parties hereby stipulate and agree to the entry of this Consent Judgment.  A proposed order accompanies this motion.